CASE 105—ACTION FOR MONEY HAD AND RECEIVED—MARCH 1.

# White v. Williams.

APPEAL FROM FAYETTE CIRCUIT COURT.

1. EVIDENCE TO EXPLAIN WRITING.—In an action to recover money paid for the service fee of a stallion, upon the ground that a foal had been insured and the mare had proved not to be in foal, it was not competent (1) for the defendant to testify that he cashed the check for the money containing the words "for

White v. Williams.

service of Allerton to Amy King, foal insured," because he did
not consider them part of the contract, nor (2) was it compe-
tent for plaintiff to testify to his reasons for inserting them.

2. EVIDENCE—GENERAL ADVERTISEMENT TO VARY EXPRESS CONTRACT.—
It was not competent for the defendant to introduce in evi-
dence advertisements of the terms on which Allerton stood for
the season of 1892, as they appeared in the horse papers, to il-
lustrate the issue of special agreement or no special agreement,
it not appearing that plaintiff ever saw the advertisements.

BRECKINRIDGE & SHELBY FOR THE APPELLANT.

1. The court erred in refusing to allow White to testify why he in-
serted in his check the words "for service of Allerton to Amy
King, foal insured."

2. It was error for the court· to permit the defendant to give in
evidence the advertisements of the terms upon which the horse
Allerton would stand.  Lawson on Contracts, secs. 11 to 32;
Lincoln v. Wright, 23 Pa. St., 79; s. c. 67 Am. Dec., 318; Atkins
v. Peck, 13 N. Hamp., 360; s. c. 40 Am. Dec., 156; Clark v.
Ricker, 14 N. Hamp., 44.

3. A new trial should have been granted because the verdict was
palpably against the weight of evidence.

BRONSTON & ALLEN FOR THE APPELLEE.

1. White's explanation of his reason for inserting the words in the
check would have added nothing to the force of the language
itself; the rejection of his answer, therefore, could not have
prejudiced him.

2. It was competent for the defendant to introduce the advertise-
ments. of Allerton's terms as tending to prove a state of facts
inconsistent with the plaintiff's contention.  Abbott's Trial
Brief on the Pleadings, sec. 813; Bliss on Code Pleadings (2d
ed.), sec. 327; Phillips on Code Pleadings, secs. 380, 381.

3. The verdict was not palpably against the weight of evidence.
The probabilities of the case were largely in favor of the de-
fendant.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

This suit was instituted by appellant to recover of ap-
pellee $1,000 paid as a service fee of his stallion, Allerton,

under an alleged contract insuring a foal, the mare having failed to produce a foal as the result of such service.

Defendant denied that he had warranted or insured a foal, and the trial resulted in a verdict and a judgment for defendant, which we are asked, on this appeal, to reverse on account of errors in admitting and rejecting testimony.

The testimony on behalf of plaintiff is to the effect that defendant in the spring of 1892 agreed, for a fee of $1,000, to insure him a colt by his horse, Allerton, and that at the time he entered his mare by her name and pedigree in his book; that subsequently, in July, plaintiff sent his mare to defendant's place in Iowa to be bred; and that shortly afterwards he sent this check in payment of the service fee: "Paris, Ky., August 1, 1892. Northern Bank of Kentucky: Pay to C. W. Williams or order one thousand dollars, for service of Allerton to Amy King, 'foal insured.' G. G. White,"—which defendant indorsed and collected.

Upon the trial, plaintiff was asked: "How did you happen to write the words in the check, 'For service of Allerton to Amy King, "foal insured" '?". which was objected to by defendant. The objection was sustained, and this is the first error complained of. Upon the examination of defendant, he was asked in chief, "Why did you draw the money with that memorandum on there?" to which plaintiff excepted; but the objection was overruled, and defendant was allowed to state "that he did not consider them any part of the contract with him, or in any wise binding upon him."

We are of the opinion that the court properly refused to allow plaintiff to give any explanation of what was in his mind, or what he intended by writing the words "foal insured" on the face of the check. The

motives which induced him to make this declaration of the
check were wholly immaterial and incompetent.   And, for
the same reason, it was not competent for defendant to
testify as to the motives which induced him to disregard
the memorandum.   He testifies that he observed the
words on the check.   There is nothing ambiguous about
them, and his opinion as to their effect is a mere conclu-
sion of his, and not a statement of fact which was compe-
tent evidence against plaintiff.   The check went to the jury
as evidence, and the purpose and effect of these words was
a question for them, under proper instructions from the
court, to determine.

The next error complained of is that the court permitted
the defendant to read to the jury advertisements of the
terms on which the horse, Allerton, stood for the season of
1892, as they appeared in the horse papers.

The plaintiff bases his right to recover the ser-
vice fee paid defendant upon a special agreement
that his horse would get plaintiff's mare with foal.
The burden of proving this agreement is on plain-
tiff, and the fact that other conditions of service
of the horse, Allerton, were published in various
horse papers, furnishes no competent testimony as to
whether this agreement was made or not.   There is no
claim that plaintiff ever saw these advertisements, or con-
sented to breed his mare on the conditions named therein.
These advertised terms were not binding on the defend-
ant himself, as he could have varied them in each individ-
ual case, if he had so desired; and we can readily under-
stand how the admission of such testimony may have ex-
ercised a controlling influence on the jury.   It certainly
tended to confuse the issue, and divert their attention from
competent evidence bearing thereon.

The verdict and judgment in this case appear to be so palpably against the weight of the evidence that we are inclined to think that it was, in the main, due to the admission of this testimony. The judgment is reversed, and the cause remanded for a new trial consistent with this opinion.